FAYETTE HICKS *v.* THE STATE.

JURY-LAW. — When it appears from the record that the oath prescribed by the statute (Gen. Laws Fifteenth Legislature, 80), directing the manner of summoning jurors, was not administered to the sheriff, or his deputies acting under him, a conviction will be reversed.

APPEAL from the County Court of Lavaca. Tried below before the Hon. T. A. HESTER, County Judge.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. In the twelfth section of "An act to regulate grand juries, and juries in civil and criminal cases in the courts in the State" (Gen. Laws Fifteenth Legislature, 80), it is expressly provided that, "at the commencement of each term of the court at which jury cases may be tried, the judge shall administer to the sheriff and his deputies the following oath: 'You do swear that, without favor or affection, or without purpose to favor or injure the rights of any litigant, or of the State, or of any defendant, you will summon jurors in and for this county; and that, to the best of your skill and judgment, you will select discreet, sensible, impartial men, when required to summon jurors not selected by the jury commissioners; and that you will not, directly or indirectly, communicate or converse with any juryman, touching the subject-matter of any case pending for trial at the time; that you will not, by any means, attempt to influence, advise, or control a juryman in his opinion in any case under trial.'"

A court would have as much right to ignore and disregard any other section of the law as this. In the estimation of our law-givers, it seems to have been considered one of the safeguards for the protection of personal right and lib-

erty, and one of the essentials to the impartiality of jury trials, that this oath should be taken as an additional quali-- fication for such official action. No additional oath than the ordinary one of office is required of the sheriff and his deputies, as a prerequisite to any other official duty imposed upon them by law, so far as we now remember. This fact alone should be sufficient to establish of how much impor-- tance it was considered in this particular by those responsi- ble for and engaged in the passage of the law. As was said by this court in *Shackleford* v. *The State*, 2 Texas Ct. App. 385, " when the Legislature prescribes rules for the selection of juries, and repeals all laws and parts of laws in conflict with the act (to which we have referred), the court must observe the law in force."

In the case at bar, the county judge certifies a bill of exceptions reserved by defendant at the proper time on the trial, to the effect that he did not administer, nor require the officer who summoned the jury to take, nor did he take, the statutory oath above quoted. Because such oath was not administered to the officer, this court reverses the judg- ment rendered, and remands the case to the lower court for a new trial.

*Reversed and remanded.*